**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Kaili C. Lynn (State Bar No. 334933)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: klynn@bursor.com
jwilner@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

LISA TSERING, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BYTEDANCE, INC., TIKTOK, INC., and TIKTOK USDS JOINT VENTURE LLC,

Defendants.

Case No. 3:26-cv-01536-JD

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER**

Judge: Hon. James Donato
Hearing Date: July 23, 2026
Hearing Time: 10:00 a.m.
Courtroom: 11

# TABLE OF CONTENTS


PAGE

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. THE FIRST-TO-FILE RULE DOES NOT SUPPORT TRANSFER ..... 2

A. The Rule's Purpose—Economy, Consistency, and Comity—Are Not Served Once the First-Filed Action Has Concluded ..... 2

B. Plaintiff's Case Does Not Overlap With *Griffith* Warranting Transfer ..... 4

C. The Rule's Equitable Foundations Do Not Support Transfer ..... 5

II. DEFENDANTS FAILED TO MEET THEIR BURDEN TO DEMONSTRATE THAT TRANSFER IS WARRANTED ..... 5

A. Plaintiff's Choice Of Forum Is Entitled To Deference ..... 6

B. The Forum Selection Clause Binds No Party Before The Court And Deserves No Weight In The Court's Analysis ..... 8

C. Transfer Does Not Promote The Convenience Of The Witnesses, Parties, Or Sources Of Proof ..... 8

D. Transfer Would Not Promote The Interest Of Justice ..... 9

1. This District Has An Interest In Enforcement Of The Law To Protect Its Residents ..... 9

2. Differences In Cost Weigh Against Transfer ..... 10

3. Griffith Is A Neutral Factor ..... 10

4. Relative Docket Congestion Does Not Support Transfer ..... 11

CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
946 F.2d 622 (9th Cir. 1991) ........ 3, 6

*Alul v. Am. Honda Motor Co., Inc.*,
2016 WL 7116934 (N.D. Cal. Dec. 7, 2016) ........ 4

*Applied Elastomerics Inc. v. Z-Man Fishing Prod., Inc.*,
2006 WL 2868971 (N.D. Cal. Oct. 6, 2006) ........ 12

*ASUSTeK Computer Inc. v. AFTG-TG LLC*,
2011 WL 6845791 (N.D. Cal. Dec. 29, 2011) ........ 4

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013) ........ 9

*Burgess v. HP, Inc.*,
2017 WL 467845 (N.D. Cal. Feb. 3, 2017) ........ 8

*Carijano v. Occidental Petroleum Corp.*,
643 F.3d 1216 (9th Cir. 2011) ........ 9, 10

*Cedars–Sinai Med. Ctr. v. Shalala*,
125 F.3d 765 (9th Cir. 1997) ........ 1, 3

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) ........ 7, 10

*Echologics, LLC v. Orbis Intelligent Sys., Inc.*,
2021 WL 5203283 (S.D. Cal. Nov. 9, 2021) ........ 2, 7

*Exec. L. Grp., Inc. v. Exec. L. Grp. PL*,
2014 WL 12577090 (C.D. Cal. Mar. 24, 2014) ........ 2, 4

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990) ........ 11

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) ........ 9

*Hernandez v. Graebel Van Lines*,
761 F. Supp. 983 (E.D.N.Y. 1991) ........ 10

*Imran v. Vital Pharms., Inc.*,
2019 WL 1509180 (N.D. Cal. Apr. 5, 2019) ........ 10

*In re Bozic*,
888 F.3d 1048 (9th Cir. 2018) ... 3

*In re Ferrero Litig.*,
768 F. Supp. 2d 1074 (S.D. Cal. 2011) ... 11

*Jernigan v. California Dept. of Corr. & Rehab.*,
2011 WL 255798 (N.D. Cal. Jan. 24, 2011) ... 6

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ... 6, 7

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
787 F.3d 1237 (9th Cir. 2015) ... 3, 5

*Linear Tech. Corp. v. Analog Devices, Inc.*,
1995 WL 225672 (N.D. Cal. Mar. 10, 1995) ... 11, 12

*LT Leasing, Inc. v. NHA Hamburger Assekuranz-Agentur GmbH*,
2015 WL 1622846 (E.D. Cal. Apr. 10, 2015) ... 1, 7

*Marcelo v. Amazon.com, Inc.*,
2023 WL 1069880 (N.D. Cal. Jan. 27, 2023) ... 5

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
518 F.3d 897 (Fed. Cir. 2008) ... 6

*Mirza v. Cent. Asia Inst.*,
2014 WL 12663437 (C.D. Cal. May 27, 2014) ... 10

*Molander v. Google LLC*,
473 F. Supp. 3d 1013 (N.D. Cal. 2020) ... 4

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) ... 3, 6

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) ... 10

*Rafton v. Rydex Series Funds*,
2010 WL 2629579 (N.D. Cal. June 29, 2010) ... 8

*Ruckus Wireless, Inc. v. Harris Corp.*,
2012 WL 588792 (N.D. Cal. Feb. 22, 2012) ... 3, 6

*Schott v. Ivy Asset Mgmt. Corp.*,
2010 WL 4117467 (N.D. Cal. Oct. 19, 2010) ... 11

*Sec, Investor Protector Corp. v. Vigman*,
764 F.2d 1309 (9th Cir. 1985) ... 8

*Selby v. Sovrn Holdings, Inc.*,
2025 WL 2950164 (N.D. Cal. Oct. 17, 2025) ........ 8, 10, 12

*Senne v. Kansas City Royals Baseball Corp.*,
105 F. Supp. 3d 981 (N.D. Cal. 2015)........ 7, 8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007) ........ 7

*Smart v. Nat'l Collegiate Athletic Ass'n*,
2023 WL 4827366 (E.D. Cal. July 27, 2023)........ 7

*Strigliabotti v. Franklin Res., Inc.*,
2004 WL 2254556 (N.D. Cal. Oct. 5, 2004) ........ 7, 8

*TransPerfect Glob., Inc. v. Motionpoint Corp.*,
2010 WL 3619565 (N.D. Cal. Sept. 13, 2010)........ 12

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
967 F. Supp. 2d 1289 (N.D. Cal. 2013)........ 4

*Young v. L'Oreal USA, Inc.*,
526 F. Supp. 3d 700 (N.D. Cal. 2021)........ 4

*Zurich Am. Ins. Co. v. DS Waters of Am., Inc.*,
2013 WL 12128686 (C.D. Cal. Mar. 18, 2013) ........ 11

**STATUTES**

28 U.S.C. § 1404 ........ 1, 2

Plaintiff Lisa Tsering ("Plaintiff") respectfully submits this opposition to Defendants ByteDance, Inc., TikTok, Inc., and TikTok USDS Joint Venture LLC's ("Defendants" or "TikTok") Motion to Transfer (ECF No. 31) (The "Motion" or "MTT").

## INTRODUCTION

Unable to enforce its forum selection clause against Plaintiff, Defendants ask this Court to force Plaintiff to litigate in the Central District of California, their preferred forum, despite this District being Plaintiff's home district, the home district of one of the Defendants, and where Defendants' surveillance of Plaintiff occurred. Defendants cannot and do not meet their heavy burden to establish that transfer to the Central District is warranted. *See LT Leasing, Inc. v. NHA Hamburger Assekuranz-Agentur GmbH*, 2015 WL 1622846, at *3 (E.D. Cal. Apr. 10, 2015).

Defendants ask this Court to transfer this action based on the first-to-file rule, but doing so would not promote the core rationale behind the rule—judicial efficiency and economy. *See Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). In support of their argument Defendants point to *Griffith v. TikTok, Inc.*, No. 5:23-cv-00964 (C.D. Cal. Filed May 26, 2023) ("*Griffith*"), a case which Defendants acknowledge recently resolved and will soon be wholly dismissed due to settlement. MTT at 1, 4. Despite the resolution of the *Griffith* matter, Defendants insist transfer is appropriate. MTT at 6. Not So. *Griffith* is resolved. The two actions will not be consolidated. The Central District will not be able to coordinate the parallel cases to avoid duplicative discovery or litigation. So the underlying purpose of the first-to-file rule will not be met by transferring this action to the Central District, which is why as is the case here, courts often decline to apply the first-to-file rule when the first-filed action was dismissed. *See Exec. L. Grp., Inc. v. Exec. L. Grp. PL*, 2014 WL 12577090, at *3 (C.D. Cal. Mar. 24, 2014).

Defendants further argue that transfer would be warranted under 28 U.S.C. § 1404(a). MTT at 2. But Defendants fail to meet their burden to show transfer is warranted. This is Plaintiff's home district (FAC ¶ 5), the home district of one of the Defendants (FAC ¶ 6), several witnesses are present here (Yeh Decl. ¶ 5), and importantly, this District is where Defendants' surveillance of Plaintiff occurred. Transferring the case to the Central District of California would do nothing more than shift the inconvenience from Defendants to Plaintiff. Such a shift is an impermissible ground for

transfer. *See Echologics, LLC v. Orbis Intelligent Sys., Inc.*, 2021 WL 5203283, at *4 (S.D. Cal. Nov. 9, 2021).

For Defendants to prevail under the discretionary standards for transfer under the first-filed rule, and under the deferential standard favoring a plaintiff's home forum under § 1404, as here, Defendants must show that the factors warranting transfer weigh heavily in Defendants' favor. They do not. Accordingly, Defendants' Motion should be denied, and the case should go forward in the forum with the closest relationship to the alleged injury, the Northern District of California.

## ARGUMENT

## I. THE FIRST-TO-FILE RULE DOES NOT SUPPORT TRANSFER

The first-to-file rule (the "Rule") is a "doctrine of federal comity" that can apply "when two cases involving substantially similar issues and parties have been filed in different districts." *In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018) (cleaned up); *see also Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). Under the first-to-file rule, a court has discretion to transfer the second case "in the interest of efficiency and judicial economy." *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The Rule's entire purpose is to manage *concurrent* litigation while promoting "judicial efficiency and prevent[ing] the risk of inconsistent decisions." *Ruckus Wireless, Inc. v. Harris Corp.,* 2012 WL 588792 (N.D. Cal. Feb. 22, 2012). Those concerns are not present here. *Griffith* has settled; one of its two appeals has already been dismissed, and Defendants concede the other will be dismissed possibly before this Motion is heard. MTT at 4. There is no longer any parallel proceeding for this case to duplicate, and no second judgment that could conflict with one entered here. The rule's premises that would warrant transfer are not present. Accordingly, the Rule does not warrant transfer.

### A. The Rule's Purpose—Economy, Consistency, and Comity—Are Not Served Once the First-Filed Action Has Concluded

The decisive fact is one Defendants concede: *Griffith* has settled. MTT at 4, 7. By Defendants' own account, Judge Blumenfeld denied class certification, granted summary judgment to Defendants on the plaintiffs' individual claims, the plaintiffs appealed, and the parties then settled, with one appeal already dismissed and the other expected to follow. *Id.* at 3-4. There

is thus no live action with which this case could conflict and no proceeding whose efficiency transfer could promote. The primary purposes of the first-to-file rule—avoiding duplicative litigation and the risk of conflicting judgments—are simply not in play. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

Defendants note "a court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending," and that the Court must ask whether "the three pillars supporting the first-to-file rule—economy, consistency, and comity—still warrant a transfer." MTT at 6 (citing *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021). They do not. "[C]ourts often state that the first-to-file rule requires two pending cases, and decline to apply the rule when the first filed action has been dismissed." *Exec. L. Grp., Inc. v. Exec. L. Grp. PL*, 2014 WL 12577090, at *3 (C.D. Cal. Mar. 24, 2014) ("Because the first filed action has been dismissed, the court declines to dismiss or transfer this action under the first-to-file rule."); *see also ASUSTeK Computer Inc. v. AFTG-TG LLC*, 2011 WL 6845791, at *14 (N.D. Cal. Dec. 29, 2011) (declining to apply the first-to-file rule where the court in the earlier-filed action issued a final, appealable order dismissing that action); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013) ("Actions that were previously filed and voluntarily dismissed are no longer pending and are therefore moot for the purposes of the first-to-file rule"); *Alul v. Am. Honda Motor Co., Inc.*, 2016 WL 7116934, at *5-6 (N.D. Cal. Dec. 7, 2016) (declining to apply first-to-file rule when first filed case was dismissed). The conclusion of *Griffith* via the parties' settlement defeats the purpose of transferring this action and would not serve consistency, economy, or comity.

With *Griffith* settled and for all purposes over, there is no second proceeding to consolidate with, no duplicative discovery to avoid, and no parallel motion practice to coordinate. Transfer would simply move this case from one district to another—accomplishing none of the efficiency the rule is meant to capture. Transferring this case would not let the Central District coordinate and oversee two parallel litigations. Instead it would require that court to start a new case from

the pleadings, exactly as this Court would. As *Griffith* is resolved, this Court's retention of Plaintiff's case interferes with nothing.

Defendants' reliance on *Young* and *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017–20 (N.D. Cal. 2020) is unavailing as *Griffith* is materially different. *Griffith* is not pending a decision on appeal, nor did it survive on appeal like those in *Young* and *Molander*. Instead, the individual plaintiffs in *Griffith* voluntarily settled, one appeal has been dismissed and the other is expected to be dismissed shortly—extinguishing the case rather than keeping it alive.

Finally, Defendants are left with a single argument: that Judge Blumenfeld's prior "familiarity" with similar claims makes transfer efficient. MTT at 6-7. But familiarity with a *closed* case does not make Judge Blumenfeld more knowledgeable regarding Plaintiff's case. Plaintiff's case is still in the pleadings stage and will have to undergo copious discovery and motion practice allowing any judge to become familiar with Plaintiff's case. The first-to-file rule is not a mechanism for routing new cases to whichever judge once handled an ostensibly related, now-terminated matter. *Cf. Kohn*, 787 F.3d at 1240 (rule's purpose is to "maximize judicial economy, consistency, and comity" among *concurrent* suits).

**B. Plaintiff's Case Does Not Overlap With *Griffith* Warranting Transfer**

Defendants contend that "Plaintiff's putative class would include the proposed classes in *Griffith*" warranting transfer. MTT at 7. Not So. There is no longer a proposed class in *Griffith*. *See* MTT at 3. At the time of its settlement, *Griffith* was and remains an individual action. *See id.* So Defendants seek to compare Plaintiff's proposed class to a phantom *Griffith* class that has not been and will not be certified due to the individual resolution of the *Griffith* case. Here, Plaintiff proposes to represent a class of "[a]ll persons in the United States who visited a website or mobile application where the TikTok Pixel was present from October 23, 2024 through the date of final judgment." FAC ¶ 160. The October 23, 2024 class period date notably falls after class certification and reconsideration of class certification in *Griffith* were denied. *Griffith* ECF. Nos. 242, 337. Accordingly, there is no overlap warranting transfer.

Defendants rely on *Marcelo v. Amazon.com, Inc.*, 2023 WL 1069880, at *2 (N.D. Cal. Jan. 27, 2023), where this Court found the parties substantially similar because the plaintiffs "do not

contend that they would not be within [the first-filed action's] putative class if certified." The conditional "if certified" is the whole point—no class in *Griffith* was certified and, given the individual resolution, no class will be. There is no putative class in *Griffith* that "could" be certified and no prospect that Plaintiff would ever fall within one. On its own terms, *Marcelo* supports denial, not transfer.

### C. The Rule's Equitable Foundations Do Not Support Transfer

"The most basic aspect of the first-to-file rule is that it is discretionary … judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Alltrade, Inc. v. Uniweld Prods.*, Inc., 946 F.2d 622, 628 (9th Cir. 1991). It is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "A court may also decline to apply the first to file rule when the balance of convenience weighs in favor of the later-filed action." *Ruckus Wireless, Inc. v. Harris Corp.*, 2012 WL 588792, at *2 (N.D. Cal. Feb. 22, 2012). "These exceptions are not rare." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).

The equities here favor retention. Plaintiff filed in her home forum, while *Griffith* is settled and effectively dispensed with. Transferring this case to the Central District solely because a judge there once handled a now-settled matter would elevate a single factor in Defendants' favor over Plaintiff's choice of her home forum where the conduct alleged occurred, this District's interest in protecting its residents, and the orderly administration of this Court's docket. Moreover, at least one Defendant is headquartered here. FAC ¶ 6. Because the Rule's purpose "of promoting efficiency" would not be advanced, the Court should deny Defendants' Motion.

## II. DEFENDANTS FAILED TO MEET THEIR BURDEN TO DEMONSTRATE THAT TRANSFER IS WARRANTED

Defendants argue "transfer is also warranted under § 1404(a)" (MTT at 10), but Defendants have failed to meet their burden to establish that discretionary transfer to the Central District is warranted. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

"Transfer under § 1404(a) should not be freely granted." *Jernigan v. California Dept. of Corr. & Rehab.*, 2011 WL 255798, at *2 (N.D. Cal. Jan. 24, 2011) (citation omitted). Instead,

§1404(a) affords district courts broad discretion to apply an "individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498. If the moving party has shown that venue and jurisdiction would be proper in the transferee district, "the [c]ourt must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Smart v. Nat'l Collegiate Athletic Ass'n*, 2023 WL 4827366, at *3 (E.D. Cal. July 27, 2023). The moving party's "heavy burden in opposing the plaintiff's chosen forum" is particularly hefty where, as here, "the plaintiff has chosen its home forum." *LT Leasing, Inc. v. NHA Hamburger Assekuranz-Agentur GmbH*, 2015 WL 1622846, at *3 (E.D. Cal. Apr. 10, 2015) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)); FAC ¶ 5 (noting that Plaintiff resides in El Cerrito, CA). Notably, "[t]ransfer is not appropriate if it is sought as a matter of a defendant's mere preference for another forum or if transfer would merely shift inconvenience to another party." *Echologics, LLC v. Orbis Intelligent Sys., Inc.*, 2021 WL 5203283, at *4 (S.D. Cal. Nov. 9, 2021). And if the balance of convenience is a "close call," the Court should deny the motion to transfer altogether. *Strigliabotti v. Franklin Res., Inc.*, 2004 WL 2254556, at *7 (N.D. Cal. Oct. 5, 2004).

Analysis of a motion to transfer under § 1404(a) "requires the court to weigh multiple factors." *Jones*, 211 F.3d at 498.

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof … We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Id.* at 488-89. These factors are not met here, and transfer is thus inappropriate.

**A. Plaintiff's Choice Of Forum Is Entitled To Deference**

Defendants incorrectly argue that Plaintiffs' choice of forum "is entitled to little weight here." MTT at 11. Typically, a party seeking transfer must make "a strong showing … to warrant upsetting the plaintiff's choice of forum." *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981,

1058 (N.D. Cal. 2015) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986). In class actions, the degree of deference given to the plaintiff's choice of forum is determined by several considerations:

> [C]ourts must consider the extent of the parties' contacts with the chosen forum, including contacts relating to the plaintiff's cause of action. Plaintiff's choice of forum would receive only minimal deference if the operative facts had not occurred within the forum and the forum had no interest in the parties or subject matter. In contrast, when there is no evidence that plaintiffs engaged in forum shopping and both plaintiffs and defendant have significant contacts with the Northern District of California, plaintiffs' choice of forum carries significant weight.'

*Id.* at 1059 (N.D. Cal. 2015) (cleaned up). And the "Ninth Circuit has [historically] given weight to a class action plaintiff's choice of forum where there is a significant connection between the forum and the activities alleged in the complaint." *Strigliabotti*, 2004 WL 2254556, at *3; *see also Sec, Investor Protector Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985). That is the case here, as Plaintiff's choice of forum carries significant weight as the location where "the operative facts" occurred—namely, Defendants' violation of Plaintiff's privacy rights as she browsed the respective websites in California. *Senne*, 105 F. Supp. 3d at 1059; *see also Selby v. Sovrn Holdings, Inc.*, 2025 WL 2950164, at *2 (N.D. Cal. Oct. 17, 2025) (holding "Plaintiffs' choice of forum, weighs against transfer" in a class action where several plaintiffs reside in the district and "the injury they allegedly experienced occurred, in a large part, in this district.").

*Senne* is instructive here. The *Senne* court found it "appropriate to afford some deference to Plaintiffs' choice of forum" for reasons that are also present here, including the fact that "there is no evidence that Plaintiffs have engaged in forum shopping,"[1] and that all "of the named plaintiffs reside in [this district]." *Id.* at 1059; FAC ¶ 5. Accordingly, "Plaintiff's choice of forum is entitled to

[1] Defendants allege that Plaintiff will not be inconvenienced by litigating this action in the Central District and accuses Plaintiff's counsel of forum shopping. MTT at 12 n. 5. However, Defendants point to cases unrelated to the one presently before the Court. Plaintiff's choice of venue is diminished where "plaintiff's choice of forum was plaintiff's second choice." *Burgess v. HP, Inc.*, 2017 WL 467845, at *6 (N.D. Cal. Feb. 3, 2017). This District is Plaintiff's first choice of forum, as well as the district where she resides, where one Defendant resides, and where the conduct giving rise to her claims occurred, and is therefore entitled to deference. *See Senne*, 105 F. Supp. 3d at 1059.

substantial weight, despite the fact that this is a [] class action." *Rafton v. Rydex Series Funds*, 2010 WL 2629579, at *4 (N.D. Cal. June 29, 2010).

**B. The Forum Selection Clause Binds No Party Before The Court And Deserves No Weight In The Court's Analysis**

Defendants concede Plaintiff alleges that she never agreed to TikTok's terms and did not agree to litigate in the Central District, but Defendants still ask this Court to transfer the case based on an indeterminate number of class members who may have agreed to a forum selection clause. MTT at 12-13. Transfer under § 1404(a) based on a forum selection cause is proper if there is "a contractually valid forum-selection clause" between the parties. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.5 (2013). However, as Defendants acknowledge, Plaintiff is not bound by Defendants' forum selection clause.[2] FAC ¶ 5 ("Plaintiff Tsering does not have a TikTok account."). Given Plaintiff never agreed to Defendants' terms, including the forum selection clause, Defendants argument that their forum selection clause supports transfer to the Central District should be given no weight.

To the extent that Defendants argue that indeterminate class members may be bound by a forum selection clause that is a determination not before the Court and not ripe for determination at the pleading stage. It is not established that a *valid* forum selection clause exists between Defendants and any class members and no class has yet been certified in this matter. Accordingly, this factor does not weigh in favor or transfer.

**C. Transfer Does Not Promote The Convenience Of The Witnesses, Parties, Or Sources Of Proof**

Defendants argue "the sole physical evidence is located in the Central District, which makes that forum more convenient." MTT at 13. Defendants have not and cannot demonstrate that the Central District is a more convenient forum for this lawsuit. A defendant must "make[] a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1236 (9th Cir. 2011) (reversing the district court's dismissal because defendant had "failed to meet" its "substantial burden to persuade the district court to invoke the exceptional tool of *forum non*

---

[2] Nor are any class members without TikTok accounts.

*conveniens*"). Defendants' argument that for one day in this litigation, the parties may have to be in person for a source code inspection is unavailing and does not meet Defendants' heavy burden. *See Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1045 (S.D. Cal. 2023) (weighing against transfer as "evidence likely is predominantly electronic and, therefore, easily transported"). There is no reason source code could not be examined in this District, as ByteDance is headquartered here and "modern technology—which enables the transmission of many documents over large distances in little time—often renders documents' physical locations unimportant." *Selby*, 2025 WL 2950164, at *2 (cleaned up).

Defendants concede that the convenience of parties and witnesses "is neutral, as Defendants' witnesses are likely to reside in both districts." MTT at 13. Defendants' employees "likely to be fact witnesses" are "based in both the Culver City headquarters and the San Jose office" — the latter in this District. Yeh Decl. ¶ 5. Plaintiff resides in this District. FAC ¶ 5. ByteDance is headquartered in this District. FAC ¶ 6. At least some of Defendants' own witnesses work in this District. Accordingly, a transfer would not eliminate inconvenience; it would merely shift it from Defendants to Plaintiff, which is not a basis for transfer. *Carijano*, 643 F.3d at 1236.

**D. Transfer Would Not Promote The Interest Of Justice**

*1. This District Has An Interest In Enforcement Of The Law To Protect Its Residents*

Defendants argue that the Central District "has a greater interest in this action because Defendants' principal place of business is there." MTT at 13. Not so. This District has a strong interest in adjudicating a controversy brought by a resident, arising from conduct that reached her here. *Decker Coal*, 805 F.2d at 843 ("local interest in having localized controversies decided at home") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981)); *see also Imran v. Vital Pharms., Inc.*, 2019 WL 1509180, at *6 (N.D. Cal. Apr. 5, 2019) ("this district has a countervailing interest in protecting local residents from [defendants'] practices."); *Selby*, 2025 WL 2950164, at *3 (noting "this district's interest in protecting its residents"). Moreover, at least one Defendant's principal place of business is here. FAC ¶ 6.

*2. Differences In Cost Weigh Against Transfer*

"A court may … consider the relative means of the parties in deciding a transfer motion." *Mirza v. Cent. Asia Inst.*, 2014 WL 12663437, at *6 (C.D. Cal. May 27, 2014); *see also Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 989 (E.D.N.Y. 1991) ("Where a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the Court may also consider the relative means of the parties in determining whether to transfer.") (cleaned up). Defendants are large corporations that offer a wide array of technology and ad-related services to online publishers. Last year Defendant ByteDance was on track to earn record profits of $50 billion.[3] Plaintiff is a natural person who alleges that Defendants misappropriated her and class members' personal information and web browsing data in violation of California and federal law. "[C]orporations are better-equipped than individuals to absorb increased litigation costs." *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011). Accordingly, this factor weighs against transfer.

*3. Griffith Is A Neutral Factor*

Defendants contend that this Court should transfer the instant action because "the pendency of *Griffith*" and "Judge Blumenfeld's resulting familiarity with these claims." MTT at 14. However, transfer at this point, when *Griffith* is set to be dismissed shortly (MTT at 6, 14), is nonsensical, as "the advantages of consolidating these two cases would be essentially non-existent." *Linear Tech. Corp. v. Analog Devices, Inc.*, 1995 WL 225672, at *6 (N.D. Cal. Mar. 10, 1995).

The argument in favor of considering the existence of related litigation is to prevent the "wastefulness of time, energy and money." *Schott v. Ivy Asset Mgmt. Corp.*, 2010 WL 4117467 (N.D. Cal. Oct. 19, 2010) (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)); *see also Zurich Am. Ins. Co. v. DS Waters of Am., Inc.*, 2013 WL 12128686, at *3 (C.D. Cal. Mar. 18, 2013) ("If transfer would allow the two cases to be consolidated into a single case or even merely expedite discovery, the practical factors of cost and efficiency weigh in favor of transfer."). Transfer to the Central District because *Griffith* was litigated there accomplishes none of these factors as *Griffith*, now an individual action, is settled. MTT at 3-4.

---

[3] Echo Wong and Min-Jeong Lee, *TikTok Owner ByteDance on Track for $50 Billion Profit in 2025*, BLOOMBERG (December 19, 2025), https://www.bloomberg.com/news/articles/2025-12-19/tiktok-owner-bytedance-on-track-for-50-billion-profit-in-2025.

This case is at the beginning stages of litigation, no discovery has been taken, and there have been no rulings on major motions. Thus, the Central District would be starting over with a new case following the settlement and termination of Griffith. Judge Blumenfeld's familiarity with the *Griffith* matter does not alter the fact that he would effectively be starting over with a new case. Accordingly, transferring the instant action does not accomplish the actual goals of consolidation including expediting discovery, reducing duplicative costs, and efficiency. *See Linear Tech. Corp. v. Analog Devices, Inc.*, 1995 WL 225672, at *6 ("[S]ince the advantages of consolidating these two cases would be essentially non-existent … this factor (feasibility of consolidation if the cases were in one forum) offers no support for granting defendant's motion.").

*4. Relative Docket Congestion Does Not Support Transfer*

A "plaintiffs choice of forum should be displaced by a court's perception about speed of access to trial in another jurisdiction *only* in the most extraordinary circumstances." *Linear Tech. Corp. v. Analog Devices, Inc.*, 1995 WL 225672, *4 (N.D. Cal. Mar. 10, 1995) (emphasis added); *Applied Elastomerics Inc. v. Z-Man Fishing Prod., Inc.*, 2006 WL 2868971, *6 (N.D. Cal. Oct. 6, 2006) (same, concluding that six months difference did not justify transfer). As seen below, the Central District has a significantly higher case load (15,808) compared to the Northern District (6,107):

**Table C-5.**
**U.S. District Courts–Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending December 31, 2025**

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | During Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| AZ | 2,441 | 5.8 | 125 | 2.3 | 1,987 | 5.0 | 315 | 15.5 | 14 | 32.4 |
| CA,N | 6,107 | 7.5 | 2,939 | 5.2 | 2,081 | 7.6 | 1,056 | 14.7 | 31 | 35.4 |
| CA,E | 2,923 | 8.4 | 1,001 | 5.7 | 1,871 | 9.6 | 36 | 26.8 | 15 | 46.2 |
| CA,C | 15,608 | 3.8 | 4,762 | 3.2 | 10,612 | 4.3 | 105 | 19.1 | 129 | 24.3 |
| CA,S | 2,206 | 5.3 | 673 | 3.3 | 999 | 5.2 | 523 | 10.2 | 11 | 38.3 |

*See* Federal Judicial Center, U.S. District—Median Time Intervals from Filing to Disposition of Civil Cases, by Action Taken, https://www.uscourts.gov/data-news/data-tables/2025/12/31/statistical-tables-federal-judiciary/c-5. Furthermore, while the Northern District has a longer median time before pretrial and during trial, the Central District has a longer median time during or after pretrial.

*Id.* "The difference [between the districts] is not stark, and this factor alone does not weigh heavily in favor of transfer." *Selby*, 2025 WL 2950164, at *3; *see also TransPerfect Glob., Inc. v. Motionpoint Corp.*, 2010 WL 3619565 (N.D. Cal. Sept. 13, 2010) (concluding that nine months difference did not justify transfer). Accordingly, transfer is not warranted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety.

Dated: June 29, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Max S. Roberts*
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Kaili C. Lynn (State Bar No. 334933)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: klynn@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

*Attorneys for Plaintiff*